UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

# 05 11114 MLW

| | | |
|---|---|---|
| TOWN OF IPSWICH,<br>Plaintiff, | MAGISTRATE JUDGE Lexander | |
| v. | CIVIL ACTION<br>NO. | RECEIPT # 64582<br>AMOUNT $250<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK<br>DATE 5 3 05 |
| NUFIC FIRE INSURANCE COMPANY OF<br>PITTSBURGH, PA.,<br>Defendant. | | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant National Union Fire Insurance

Company of Pittsburgh, Pa. ("NUFIC") hereby removes the above-captioned action to this Court

from the Essex Superior Court, Commonwealth of Massachusetts. In support of this Defendant's

Notice Of Removal, NUFIC states as follows:

A.    Factual and Procedural Background

1.    NUFIC is a defendant in a civil action filed in, and presently pending before, the

Essex Superior Court, Commonwealth of Massachusetts, styled as Town of Ipswich v. National

Union Fire Insurance Company of Pittsburgh, Pa., Civil Action No. 05-0357 (the "State Court

Action").

2.    In the Complaint which it filed in the State Court Action, the plaintiff Town of

Ipswich ("Ipswich") alleges that NUFIC breached the performance bond which NUFIC issued on

behalf of Westcott Construction Corporation ("Westcott") regarding the contract which Westcott

had with Ipswich to construct the Ipswich High School/Middle School and that, as a result,

NUFIC is liable to Ipswich for breach of contract (Count I), and for money had and received (Count II).

3.      Ipswich filed the State Court Action on March 3, 2005. Ipswich did not proceed immediately to serve NUFIC with process. Rather, Ipswich waited until May, 2005 to ask NUFIC's counsel, John P. Connelly, if he would accept service for NUFIC, which Mr. Connelly did. A true and accurate copy of the Summons to NUFIC contains Mr. Connelly's signature acknowledging his acceptance of same as service on NUFIC on May 23, 2005 is attached hereto as Exhibit A.

4.      This Defendant's Notice Of Removal is being filed with this Court within thirty (30) days after NUFIC was served with a copy of the Summons and Complaint setting forth Ipswich's claims. Therefore, this Defendant's Notice Of Removal is timely. See 28 U.S.C. § 1446(b).

5.      As required by 28 U.S.C. § 1441(b), no citizen of the Commonwealth of Massachusetts has been joined and served as a defendant.

B.      Diversity Jurisdiction of this Court

6.      Ipswich is a Massachusetts municipal corporation with a main office located at Municipal Building, 25 Green Street, Ipswich, Massachusetts. (Complaint, ¶ 2).

7.      NUFIC is a Pennsylvania corporation with its principal place of business in New York, New York. It is therefore a citizen of the state of Pennsylvania. (Complaint, ¶ 3).

8.      Each plaintiff is therefore a citizen of a different state than each defendant.

9.      The amount in controversy exceeds $75,000. Massachusetts law prohibits a plaintiff from specifying in its complaint the amount of monetary damages it is seeking, unless such damages are "liquidated or ascertainable by calculation." M.G.L. c.231, § 13B (2005). Accordingly, the Complaint does not specifically state the amount of damages Ipswich is seeking

2

in this lawsuit. However, in a detailed claim letter which Ipswich sent to NUFIC in August, 2004, Ipswich alleged that its damages totaled over $1.3 million. Therefore, the damages sought by Ipswich put the amount in controversy in this lawsuit in excess of the jurisdictional minimum.

10.    This Court, therefore, has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, in that the State Court Action presents a case where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

C.    Removal

11.    Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, removal of the State Court Action is appropriate. Under 28 U.S.C. §§ 1332 and 1441, NUFIC's right of removal applies to the entire lawsuit.

12.    Venue of this removed action is proper in this Court under 28 U.S.C. § 1441(a) as the district and division embracing the place where the State Court Action is pending.

13.    Copies of all process, pleadings and orders received by NUFIC in the State Court Action to date are being filed as Exhibit A to this Defendant's Notice Of Removal.

14.    Written notice of the filing of this Defendant's Notice Of Removal is being served on Ipswich's counsel on this date.

15.    NUFIC will promptly file a copy of this Defendant's Notice Of Removal with the Clerk of the Essex Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).

16.    NUFIC reserves all defenses to Ipswich's claims and damages allegations. Moreover, NUFIC expressly preserves, and does not waive, any of the defenses available under Fed. R. Civ. P. 12(b), including, without limitation, lack of personal jurisdiction, improper/inconvenient venue and insufficiency of service of process.

3

WHEREFORE, NUFIC hereby removes this civil action to the United States District

Court for the District of Massachusetts.

Dated: May 27, 2005

DEFENDANT NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.
By its attorneys,

John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that a copy of the foregoing Defendant's Notice Of
Removal has been served by first class mail, postage pre-paid, upon the following counsel of
record for the plaintiff on this 27th day of May, 2005:

Peter E. Ball, Esquire
Kurt S. Kusiak, Esquire
Sally & Fitch LLP
225 Franklin Street
Boston, MA 02110

John P. Connelly

614322_1
9505-90426

# EXHIBIT A

# TO

# NOTICE OF REMOVAL

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:_____

$5 - 0357$

|  |  |
|---|---|
| TOWN OF IPSWICH, | ) |
| Plaintiff, | ) |
| v. | ) |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA | ) |
| Defendant. | ) |

**COMPLAINT AND
JURY TRIAL DEMAND**

## NATURE OF THE ACTION

1.     Plaintiff Town of Ipswich ("Ipswich") brings this action against Defendant

National Union Fire Insurance Co. of Pittsburgh, PA ("NUFIC") to recover damages

resulting from breaches by NUFIC of a Performance Bond by which NUFIC agreed to

insure the performance of the general contractor that Ipswich had engaged to construct a

new Middle/High School for Ipswich.

## PARTIES

2.     Plaintiff Town of Ipswich is a Massachusetts municipal corporation with a

main office located at Municipal Building, 25 Green Street, Ipswich, Essex County,

Massachusetts.

3.     On information and belief, NUFIC is a Pennsylvania corporation with a

principal place of business in New York, NY. Further on information and belief, it is

authorized to issue surety bonds in Massachusetts.

## STATEMENT OF FACTS

4.    In or about May 1998, Ipswich, acting by and through its School Building Committee, entered into a contract (the "Construction Contract") with Westcott Construction Corporation ("Westcott") for the construction of a new Middle/High School for Ipswich (the "Project").

5.    In connection with the Project, NUFIC, as surety, issued a performance bond (the "Performance Bond") with Westcott as the principal on the Bond and Ipswich as the obligee. The Performance Bond insured the performance of Westcott under the Construction Contract. The Performance Bond further obligated NUFIC, in the event that Westcott abandoned the Construction Contract, to take such action as necessary to complete the Construction Contract. (A copy of the Performance Bond is attached hereto as Exhibit A.)

6.    On information and belief, on or about November 17, 2000, Westcott advised NUFIC that Westcott was financially unable to complete the Project, and Westcott authorized NUFIC to take whatever action NUFIC deemed necessary to complete the Project.

7.    As required by the Performance Bond, NUFIC took over the Construction Contract. In or about May, 2001, NUFIC engaged Charwill Construction, Inc. ("Charwill") to assume Westcott's duties. In effect, NUFIC, which was a bonding company now acting as general contractor, hired Charwill to perform the actual general contractor duties.

8.      Prior to abandoning the Construction Contract, Westcott committed several breaches of the Construction Contract for which NUFIC, as suretor under the Performance Bond, is liable.

9.      Specifically, and without limitation, Westcott failed to timely complete Phase IA and Phase IB of the Project.

10.     Under Phase IA, the Construction Contract obligated Westcott to complete certain Bleachers and a Stormwater Detention and Treatment System ("Stormwater System") by August 15, 1998.

11.     In fact, the Bleachers were not substantially completed until approximately 65 days after August 15, 1998 and the Stormwater System was not substantially completed until approximately 236 days after August 15, 1998.

12.     Pursuant to the Construction Contract, Westcott is obligated to pay liquidated delay damages of $500 per day for each day beyond August 15, 1998 that Phase IA was not substantially completed.

13.     As Westcott's suretor, NUFIC is obligated to pay such damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

14.     Under Phase IB of the Construction Contract, Westcott was obligated to complete an Entry Drive to the School by November 1, 1999.

15.     In fact, the Entry Drive was not substantially completed until approximately 44 days after November 1, 1999.

16.     Pursuant to the Construction Contract, Westcott is obligated to pay liquidated damages of $500 per day for each day beyond November 1, 1999 that Phase IB was not substantially completed.

17.    As Westcott's suretor, NUFIC is obligated to pay such damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

18.    After NUFIC took over the Construction Contract, it committed additional breaches of the Contract.

19.    Phase IIB of the Construction Contract obligated Westcott to complete certain sitework by August 31, 2000. Pursuant to a Change Order, this date was extended to June 15, 2001.

20.    Nevertheless, NUFIC, having taken over for Westcott as general contractor, failed to substantially complete the sitework by June 15, 2001. Indeed, in approximately July, 2002, Charwill ceased to perform its general contractor duties.

21.    For this and other breaches of the Construction Contract, on August 1, 2002, Ipswich terminated NUFIC as the general contractor. In its termination letter, Ipswich informed NUFIC that the termination was on account of NUFIC's (1) "[c]onsistent and constant failure to perform the Architect's directives. . ."; (2) "[f]ailure to follow the instructions of the Ipswich Conservation Commission, a public authority, on numerous occasions forcing [Ipswich] to hire an outside Contractor to finish the work; (3) [c]onsistent failure to supply properly skilled workmen to perform its obligations under the contract'; and (4) [o]ther substantial violations of the Contract Documents."

22.    As a result of NUFIC's breaches leading to its termination, Ipswich had to complete the Project, itself, at its own expense. Ipswich was not able to substantially complete the Phase IIB Sitework until approximately 658 days after the extended completion date of June 15, 2001.

4

23. The Construction Contract, as amended via the Change Order, calls for liquidated delay damages of $500 per day for each day beyond June 15, 2001 that Phase IIB was not substantially completed. Pursuant to the Performance Bond, NUFIC is obligated to pay those damages.

24. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

25. Phase IIC of the Construction Contract obligated the General Contractor to perform certain sitework maintenance functions for nine-and-a-half months after completion of the Phase IIB sitework.

26. The Construction Contract further obligated the General Contractor to complete the Phase IIC sitework maintenance functions by June 15, 2001.

27. In fact, NUFIC, never performed any Phase IIC sitework maintenance functions. (NUFIC had been terminated by Ipswich prior to the completion of Phase IIB.) Accordingly, Ipswich had to perform the Phase IIC maintenance work, itself, at its own expense. The nine-and-a-half months of Phase IIC maintenance work concluded approximately 817 days after the June 15, 2001 completion date set out in the Construction Contract.

28. The Construction Contract calls for liquidated damages of $500 per day for each day beyond June 15, 2001 that Phase IIC was not substantially completed.

29. Pursuant to the Performance Bond, NUFIC is obligated to pay those damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

5

30.    In addition to the breaches of the Construction Contract that resulted from

failures by NUFIC and its principal to timely complete certain work under the

Construction Contract, NUFIC and/or its surety committed other breaches of the

Construction Contract. These breaches included performing non-conforming

construction and site work. This non-conforming work resulted in, among other things,

unstable site conditions. Ipswich was injured by this non-conforming work as it had to

pay more than $45,000 to correct the work and accrued more than $6,500 in fines levied

by the Ipswich Conservation Commission. Ipswich has made demand on NUFIC to

reimburse Ipswich for these expenses. NUFIC has thus far refused.

31.    As a result of NUFIC's breaches of the Construction Contract, Ipswich

was further injured in that it had to complete the Project, itself, at its own expense. This

additional expense exceeded the total amount that Ipswich would have had to pay the

general contractor under the Construction Contract. Ipswich has made demand on

NUFIC to reimburse it for such additional expenditures. NUFIC has thus far refused.

## COUNT ONE

### (Breach of Contract)

32.    Ipswich incorporates by reference the allegations set forth in paragraphs 1

through 31 above, as though fully restated herein.

33.    The Performance Bond is a valid and enforceable contract.

34.    NUFIC has breached the Performance Bond. These breaches include,

without limitation:

> • Failing to pay Ipswich the liquidated delay damages arising from
> Westcott's failure to timely complete Phases IA and IB of the
> Construction Contract;

6

- Failing to pay Ipswich the liquidated delay damages arising from Westcott's and NUFIC's own failure to timely complete Phases IIB and IIC of the Construction Contract;

- Failing to perform the Architect's directives after taking over the Construction Contract from Westcott;

- Failing to follow the instructions of the Ipswich Conservation Commission after taking over the Construction Contract from Westcott;

- Failing to supply properly skilled workmen to perform its obligations under the Construction Contract after taking over the Contract from Westcott; and

- Failing to pay Ipswich the damages resulting from Westcott's and NUFIC's own breaches of the Construction Contract other than the breaches of failing to timely complete various Phases of the Construction Contract.

35.    As a result of NUFIC's breaches of the Performance Bond, Ipswich has

been injured.

36.    Ipswich is entitled to receive an award of damages for its injuries.

## COUNT TWO

(For Money Had and Received)

37.    Ipswich incorporates by reference the allegations set forth in paragraphs 1

through 36 above, as though fully restated herein.

38.    Ipswich has advanced certain moneys to Westcott and NUFIC under the

Construction Contract. Westcott and NUFIC have breached the contract. On account of

the breaches, Ipswich has been injured.

39.    Ipswich is entitled to the return of some of the moneys advanced to

Westcott and NUFIC under the Construction Contract.

40.    Pursuant to the Performance Bond, NUFIC is responsible for any money

that must be returned to Ipswich.

7

## PRAYERS FOR RELIEF

**WHEREFORE,** the plaintiff Town of Ipswich seeks the following relief:

a.    That the Court enter judgment in favor of Ipswich on each count of the Complaint;

b.    That the Court determine the amount of damages to which Ipswich is entitled on each count of the Complaint and award Ipswich these amounts plus pre- and post-judgment interest;

c.    That the Court award Ipswich its reasonable attorneys' fees and costs incurred in connection with this action; and

d.    That the Court award such other and further relief as it deems to be necessary and proper.

## JURY TRIAL DEMAND

The Town of Ipswich hereby demands a jury trial on all issues so triable.

TOWN OF IPSWICH

By its attorneys,

Peter E. Ball, BBO #546031
Kurt S. Kusiak, BBO #559254
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

Dated: March 2, 2005

8

6381C000003/03/ 5CIVIL FEE    240.00

6381C000003/03/ 5SURCHARGE    15.00

6381C000003/03/ 5SECC    20.00

6381C000003/03/ 5SUMMONS    10.00

IPSWICH MIDDLE/HIGH SCHOOL                                    Bond No.: 17-44-84

## DOCUMENT 00610
## PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS that we, the undersigned
WESTCOTT CONSTRUCTION CORPORATION
a corporation organized under the laws of ___Massachusetts___ and
having a usual place of business in _North Attleboro_ in the
County of___Bristol___ and the State of _Massachusetts_
as PRINCIPAL, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
a corporation organized under the laws of___ _Pennsylvania_
and having a usual place of business of _70 Pine Street, New York, NY_
in the County of _New York_ , as SURETY, are
firmly held and bound unto the Town of Ipswich as OBLIGEE, in the
sum of TWENTY-FOUR MILLION EIGHT HUNDRED SEVENTY-SEVEN THOUSAND AND 00/100--
DOLLARS ($_24,877,000.00_ | ) lawful money of the United States of
America, for payment of which well and truly to be made, we hereby,
jointly and severally, bind ourselves and our respective heirs,
executors, administrators, successors and assigns, firmly by these
presents.

WHEREAS, the Principal has entered into a certain written contract
with the Obligee, dated_____ _May 15_ , 19 9X for construction of
the _Ipswich Middle/High_ School , _Ipswich, MA_ , which Contract in its
entirety, including the General Conditions, Supplementary Conditions,
Drawings, Specifications, and any Addenda is hereby referred to and
made a part hereof as fully and to the same extent as if copied at
length herein.

NOW THEREFORE, the condition of this obligation is such that if the
Principal shall well and truly keep and perform all the undertakings,
covenants, agreements, terms and conditions of said contract and any
extensions thereof that may be granted by the Obligee, with or
without notice to the Surety, and during the life of any guarantee
required under the contract, and shall also well and truly keep and
perform all the undertakings, covenants, agreements, terms and
conditions of any and all duly authorized modifications, alterations,
changes or additions to said contract that may hereafter be made,
notice to the Surety of such modifications, alterations, changes or
additions being hereby waived, then this obligation shall become null
and void, otherwise it shall remain in full force and effect.

In the event that the contract is abandoned by the Principal, or in
the event that the Obligee, under the provisions of Article 14 of the
General Conditions of said Contract, as amended by the Supplementary
Conditions, terminates the Contract, said Surety hereby further
agrees that said Surety shall, if required in writing by the Obligee,
take such action as is necessary to complete said Contract.

IN WITNESS WHEREOF, the Principal and the Surety have hereunto set
their hands and seals, and such of them as are corporations have

PERFORMANCE BOND
00610-1

**EXHIBIT A**

IPSWICH MIDDLE/HIGH SCHOOL

caused their corporate seals to be hereto affixed and these presents
to be signed by their proper officers or agents. this

_____ 15ᵗʰ _____ day of _Nay_ _____, 19_98_.

ATTEST

WESTCOTT CONSTRUCTION CORPORATION
(Principal)

By _[signature]_

John M. Ciardi, Jr., President
(Title)
SEAL

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA
(Surety)

By: _[signature]_

Michael J. Cusack
(Attorney in Fact)
SEAL

END OF DOCUMENT

PERFORMANCE BOND
00610-2

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department |
|---|---|
| | County: Essex |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Town of Ipswich | National Union Fire Ins. Co. of Pittsburgh, PA |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Peter E. Ball, Esq.    BBO#546031<br>Kurt S. Kusiak, Esq.  BBO#559254<br>Sally & Fitch LLP, 225 Franklin Street,<br>Board of Bar Overseers number: Boston, MA – 617-542-5542 | John P. Connelly, Esq.<br>Peabody & Arnold LLP<br>30 Rowes Wharf, Boston, MA  02110 |

### Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A12 | Contract Construction/ Dispute | ( A ) | ( x ) Yes   ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe)

$. . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . . .
TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant breached terms of a performance bond that it provided in connection with the construction by plaintiff of a new Middle/High School.

In excess of
**TOTAL $.1,000,000 . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT There are no related actions, but there is a case involving both parties that is currently pending in Suffolk Superior Court, N.B. Kenney Co., Inc. v. Nat'l. Union Fire Ins.

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record ___P. Ball___    DATE: March 2, 200

*Co. of Pittsburgh, PA v. Town of Ipswich; C.A. No.01-01615 (Suffolk)

COMMONWEALTH OF MASSACHUSETTS

**A**

ESSEX, SS.
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:_____

5-0357

| | | |
|---|---|---|
| TOWN OF IPSWICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S EX PARTE** |
| v. | ) | **MOTION FOR** |
| | ) | **APPOINTMENT OF** |
| NATIONAL UNION FIRE INSURANCE CO. OF | ) | **SPECIAL PROCESS** |
| PITTSBURGH, PA | ) | **SERVER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The above named Plaintiff hereby moves that Suvalle Jodrey & Associates, of One

Devonshire Place, Boston, Massachusetts, and its agents, servants and employees, all of whom

are over the age of 18 years and disinterested in this action, be specially appointed pursuant to

Mass. R. Civ. P. 4(c) for all purposes for service of process in this action.

TOWN OF IPSWICH

By its attorneys,

*P. Ball*

Peter E. Ball, BBO #546031
Kurt S. Kusiak, BBO #559254
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

Dated: March 2, 2005

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2005-00357-A**

RE: **Town of Ipswich v National Union Fire Insurance Co of Pittsburgh PA**

TO:Peter E Ball, Esquire
    Hill & Barlow
    1 International Place
    100 Oliver Street
    Boston, MA 02110-2607

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/01/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/31/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/31/2005 |
| All motions under MRCP 15 filed | 05/27/2006 |
| All discovery requests and depositions completed | 04/22/2007 |
| All motions under MRCP 56 served and heard | 06/21/2007 |
| Final pre-trial conference held and firm trial date set | 10/19/2007 |
| Case disposed | 03/02/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **A** sitting **in CtRm 2 -rear (Salem), Essex Superior Court.**

Dated: 03/03/2005

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

.................................................... Town of Ipswich ................................................., Plaintiff(s)

v.

.............. National Union Fire Ins. Co. of Pittsburgh, PA ..............., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon ___Peter Ball, Esq., and/or Kurt Kusiak, Esq.___,

plaintiff's attorney, whose address is Sally & Fitch LLP, 225 Franklin St., Boston, MA 02110 an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of  .March          , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Town of Ipswich

**DEFENDANTS**
National Union Fire Insurance Company
of Pittsburgh, Pa;    New York

(b) County of Residence of First Listed Plaintiff    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter E. Ball
Kutt S. Kusick, Sally & Fitch, LLP
225 Franklin St, Boston, MA 02110

Attorneys (If Known)
John P. Connelly
Peabody & Arnold, LLP
30 Rowes Wharf, Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity action under 28 U.S.C. §1332. Plaintiff is a MA
Brief description of cause:
municipal corporation suing defendant insurance company located in New York for breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over $1 million

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  5/27/05
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)   Town of Ipswich v. National Union
   Fire Insurance Company of Pittsburgh, Pa.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ___  I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   _X_  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___  IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___  V.      150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES  ☐      NO  ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES  ☐      NO  ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES  ☐      NO  ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES  ☐      NO  ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES  ☒      NO  ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  ☒        Central Division  ☐        Western Division  ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  ☐        Central Division  ☐        Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES  ☐      NO  ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  John P. Connelly

ADDRESS   Peabody & Arnold, LLP, 30 Rowes Wharf, Boston, MA 02110

TELEPHONE NO.   (617) 951-2100

(CategoryForm.wpd -5/2/05)