UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TOWN OF IPSWICH,
          Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
          Defendant.

CIVIL ACTION
NO. 05-11114-MLW

## DEFENDANT'S ANSWER AND COUNTERCLAIMS

### ANSWER

The defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC"), for answer to the plaintiff's Complaint, says:

### FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), NUFIC responds to the numbered paragraphs of the plaintiff's Complaint as follows:

1.    The allegations contained in paragraph 1 of the plaintiff's Complaint are merely a description of the plaintiff's claims to which no response is required; however, to the extent a response is required, such allegations are denied.

2.    Upon information and belief, admitted.

3.    Admitted.

4.    Admitted. And further answering, NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

4. Admitted. And further answering, NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

5. NUFIC admits that it issued the Performance Bond with Westcott as the principal and Ipswich as the obligee; otherwise, NUFIC states that the Performance Bond is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

6. NUFIC admits that on or about November 17, 2000, Westcott advised NUFIC that it was financially unable to complete the Project; otherwise, NUFIC denies the remaining allegations contained in paragraph 6 of the plaintiff's Complaint.

7. NUFIC admits that it signed a Term Sheet with Charwill in May, 2001; otherwise, NUFIC denies the remaining allegations contained in paragraph 7 of the plaintiff's Complaint.

8. Denied.

9. Denied.

10. NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

11. Denied.

12. NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

13.    NUFIC admits that Ipswich has made a demand for damages on NUFIC; otherwise, NUFIC denies the remaining allegations contained in paragraph 13 of the plaintiff's Complaint.

14.    NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

15.    Denied.

16.    NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

17.    NUFIC admits that Ipswich has made a demand for damages on NUFIC; otherwise, NUFIC denies the remaining allegations contained in paragraph 17 of the plaintiff's Complaint.

18.    Denied.

19.    NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

20.    Denied.

21.    NUFIC states that the August 1, 2002 letter is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

22.    NUFIC denies that it committed any breach or that it was properly terminated; otherwise, NUFIC states that it is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 22 of the plaintiff's Complaint and therefore denies same.

23. NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

24. NUFIC admits that Ipswich has made a demand for damages on NUFIC; otherwise, NUFIC denies the remaining allegations contained in paragraph 24 of the plaintiff's Complaint.

25. NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

26. NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

27. Denied.

28. NUFIC states that the Construction Contract is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

29. NUFIC admits that Ipswich has made a demand for damages on NUFIC; otherwise, NUFIC denies the remaining allegations contained in paragraph 29 of the plaintiff's Complaint.

30. NUFIC admits that Ipswich has made a demand for damages on NUFIC; otherwise, NUFIC denies the remaining allegations contained in paragraph 30 of the plaintiff's Complaint.

31. Denied.

## COUNT ONE

32. NUFIC incorporates by reference and restates herein its responses to paragraphs 1 through 31 of the plaintiff's Complaint, supra, as if set forth fully herein.

33. The allegations set forth in paragraph 33 of the plaintiff's Complaint set forth a legal conclusion which NUFIC is not required to either admit or deny; however, to the extent a response is required, such allegations are denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT TWO

37. NUFIC incorporates by reference and restates herein its responses to paragraphs 1 through 36 of the plaintiff's Complaint, supra, as if set forth fully herein.

38. NUFIC admits that the allegations contained in the first sentence in paragraph 38 of the plaintiff's Complaint. NUFIC denies the allegations contained in the second and third sentences in paragraph 38 of the plaintiff's Complaint.

39. Denied.

40. Denied.

Pursuant to Fed. R. Civ. P. 8(c), NUFIC sets forth the following affirmative defenses to the plaintiff's Complaint:

## SECOND DEFENSE

NUFIC states that the plaintiff's Complaint fails to state claims against NUFIC upon which relief may be granted.

## THIRD DEFENSE

NUFIC states that if the plaintiff sustained any damages as alleged in its Complaint, then any such damages were the direct result of an act or omission of a person or entity over whom NUFIC had no control and for whom NUFIC is not responsible.

## FOURTH DEFENSE

NUFIC states that the plaintiff's Complaint is barred by the doctrines of waiver, release, accord and satisfaction, failure of consideration, unclean hands, laches and/or equitable estoppel, barring recovery from NUFIC.

## FIFTH DEFENSE

NUFIC states that the plaintiff has failed to mitigate its damages.

## SIXTH DEFENSE

NUFIC states that the plaintiff's claims against NUFIC are barred, or any damages suffered must be reduced on account of, the plaintiff's contributory and/or comparative negligence.

## SEVENTH DEFENSE

NUFIC states that the plaintiff has failed to comply with the terms and conditions of the Performance Bond.

## EIGHTH DEFENSE

NUFIC states that the plaintiff has failed to satisfy conditions precedent under the Performance Bond and at law prior to filing suit.

### NINTH DEFENSE

NUFIC states that the plaintiff is barred from recovery because the alleged damages sustained are not covered under the Performance Bond.

### TENTH DEFENSE

NUFIC states that the plaintiff's recovery, if any, must be limited by the terms and conditions of the Performance Bond.

### ELEVENTH DEFENSE

NUFIC states that the plaintiff's claims are extinguished or limited in full or in part by the terms and conditions of the Performance Bond.

### TWELFTH DEFENSE

NUFIC states that it places the plaintiff on notice that it intends to rely upon such further defenses as may be developed during the course of discovery in this matter.

WHEREFORE, NUFIC requests that the plaintiff's Complaint against NUFIC be dismissed and that judgment enter thereon for NUFIC, together with the attorneys' fees and expenses incurred by NUFIC in defending against said Complaint.

### COUNTERCLAIMS

### PARTIES

1.  The defendant/plaintiff-in-counterclaim National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC") is a corporation duly incorporated and organized under the laws of the State of Pennsylvania, with a principal place of business in New York, New York, and is authorized to issue surety bonds in Massachusetts.

2.    The plaintiff/defendant-in-counterclaim Town of Ipswich ("Ipswich") is a Massachusetts municipal corporation with a main office located at Municipal Building, 25 Green Street, Ipswich, Massachusetts.

## FACTS

3.    In 1998, Westcott Construction Corporation ("Westcott") entered into a contract with Ipswich, acting by and through its School Building Committee, for construction of a new middle school and high school in Ipswich, Massachusetts (the "Project").

4.    In connection with the Project, NUFIC, as surety, issued performance and payment bonds with Westcott as the principal on the bonds and Ipswich as the obligee.

5.    On November 17, 2000, Westcott advised NUFIC that Westcott was financially unable to complete the Project, and Westcott authorized NUFIC to take whatever action NUFIC deemed necessary to complete the Project. On that same day, Westcott sent a letter to Ipswich requesting that any and all payments due or to become due to Westcott on the Project be paid over to NUFIC.

6.    Thereafter, NUFIC arranged for completion of the work on the Project. At all times, NUFIC acted in accordance with the performance bond (the "Performance Bond") which it had issued for the Project, as well as the Term Sheet which NUFIC and Ipswich entered into subsequently regarding the Project in May, 2001. However, Ipswich breached the duties and obligations which it has as obligee on the Performance Bond, as well as the terms and conditions of the Term Sheet, in at least the following ways: a) Ipswich overpaid Westcott for certain work that Westcott either did not perform or performed improperly on the Project, which prejudiced NUFIC inasmuch as those funds were no longer available when NUFIC arranged later to have that work performed or remedied; b) Ipswich accepted certain work performed by Westcott and then at a later date informed NUFIC that such work was no longer acceptable, which caused

NUFIC to incur additional costs in arranging for the completion of the Project; c) Ipswich improperly denied change order requests from NUFIC for work on the Project that Ipswich demanded be done even though such work either was not contained, or not set forth clearly, in the Project's contract documents, plans and specifications; d) Ipswich refused to grant and/or credit time extensions that were due to Westcott and/or NUFIC on the Project; and e) Ipswich refused to pay NUFIC for requisitions which NUFIC submitted for work that it caused to be done on the Project.

7. The damages incurred by NUFIC as a result of Ipswich's wrongful actions are substantial. NUFIC's damages include over $800,000.00 which it had to pay to have certain soils removed from and then replaced at the Project.

## COUNT I
### (Breach of Contract)

8. NUFIC incorporates by reference and restates herein the allegations contained in paragraphs 1 through 7 of its Counterclaims, supra.

9. The conduct of Ipswich, as hereinafter alleged, constitutes a breach of its duties and obligations under the Performance Bond and the Term Sheet.

10. As a direct and proximate result of Ipswich's breach of the Performance Bond and the Term Sheet, NUFIC has suffered damages.

## COUNT II
### (Set Off)

11. NUFIC incorporates by reference and restates herein the allegations contained in paragraphs 1 through 7 of its Counterclaims, supra.

12. Ipswich has filed this lawsuit against NUFIC claiming damages.

13.     Any damages sustained by NUFIC in this lawsuit must be offset by all damages incurred by NUFIC because of Ipswich's failure to perform all of its duties and obligations under the Performance Bond and the Term Sheet.

## COUNT III
(Breach of Implied Covenant of Good Faith and Fair Dealing)

14.     NUFIC incorporates by reference and restates herein the allegations contained in paragraphs 1 through 6 of its Counterclaims, supra.

15.     Both the Performance Bond and the Term Sheet contained implied covenants of good faith and fair dealing.

16.     At all times, NUFIC dealt fairly with Ipswich and has not breached the Performance Bond or the Term Sheet in any way.

17.     Ipswich's breaches of contract were in bad faith and were without cause, and were breaches of the implied covenant of good faith and fair dealing implicit in the Performance Bond and the Term Sheet because Ipswich sought to deprive NUFIC of its rights under those contracts.

18.     As a direct result of Ipswich's breach of the implied covenant of good faith and fair dealing implicit in the Performance Bond and the Term Sheet, NUFIC has been denied of its rights under those contracts.

WHEREFORE, NUFIC demands judgment on its Counterclaims against Ipswich in an amount to be determined at trial, plus interest, costs and attorneys' fees, as well as such other and further relief as this Court deems to be just and proper.

> DEFENDANT NATIONAL UNION
> FIRE INSURANCE COMPANY OF
> PITTSBURGH, PA.
> By its attorneys,
>
> _____
> John P. Connelly, BBO #546670
> PEABODY & ARNOLD LLP
> 30 Rowes Wharf
> Boston, MA 02110
> (617) 951-2100

Dated: June 1, 2005

614953_1

## CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that a copy of the foregoing Defendant's Answer And Counterclaims has been served by first class mail, postage pre-paid, upon the following counsel of record for the plaintiff on this 1st day of June, 2005:

> Peter E. Ball, Esquire
> Kurt S. Kusiak, Esquire
> Sally & Fitch LLP
> 225 Franklin Street
> Boston, MA 02110



John P. Connelly

11