**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

John P. Connelly
(617) 951-2038
jpc@p-a.com

June 15, 2005

Civil Clerk's Office
United States District Court
 for the District of Massachusetts
One Courthouse Way
Boston, MA  02210

> RE:   Town of Ipswich v. National Union Fire Insurance Company
> Of Pittsburgh, Pa.,
> United States District Court for the District of Massachusetts,
> Civil Action No. 05-11114-MLW

Dear Sir or Madam:

I enclose for filing certified copies of the docket and all pleadings received from the Essex Superior Court in the above-captioned removed case.

I have left the documents stapled as I received then from them Essex Superior Court, as I am not sure if you will seam them.

Please call me if you have any questions.  Thank you.

Very truly yours,

John P. Connelly

616863

Enclosures

cc:   Peter E. Ball, Esquire (without enclosures)
      Kurt S. Kusiak, Esquire (without enclosures)

carterar

Case 1:05-cv-11114-MLW   Document 4   Filed 06/16/2005   Page 2 of 44

06/13/2005
09:11 AM

ESSEX SUPERIOR COURT
**Case Summary**
**Civil Docket**

# ESCV2005-00357
## Town of Ipswich v National Union Fire Insurance Co of Pittsburgh PA

| **File Date** | 03/03/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| **Status Date** | 06/13/2005 | **Session** | A - Civil-CtRm 2 -rear (Salem) | | |
| **Origin** | 1 | **Case Type** | A12 - Construction dispute | | |
| **Lead Case** | | **Track** | A | | |

| **Service** | 06/01/2005 | **Answer** | 07/31/2005 | **Rule12/19/20** | 07/31/2005 |
|---|---|---|---|---|---|
| **Rule 15** | 05/27/2006 | **Discovery** | 04/22/2007 | **Rule 56** | 06/21/2007 |
| **Final PTC** | 10/19/2007 | **Disposition** | 03/02/2008 | **Jury Trial** | Yes |

## PARTIES

**Plaintiff**
Town of Ipswich
Active 03/03/2005

**Private Counsel 546031**
Peter E Ball
Hill & Barlow
1 International Place
100 Oliver Street
Boston, MA 02110-2607
Phone: 617-428-3000
Fax: 617-439-3580
Active 03/03/2005 Notify

**Private Counsel 559254**
Kurt S Kusiak
Sally & Fitch
225 Franklin Street
Boston, MA 02110-2804
Phone: 617-542-5542
Fax: 617-542-1542
Active 03/03/2005 Notify

**Defendant**
National Union Fire Insurance Co of Pittsburgh PA
Served: 05/23/2005
Served (answr pending) 05/23/2005

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/03/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/03/2005 | | Origin 1, Type A12, Track A. |
| 03/03/2005 | 2.0 | Plaintiff Town of Ipswich's MOTION for appointment of counsel name |
| 03/03/2005 | | MOTION (#2) ALLOWED (David Lowy, Justice) Notices mailed March 03, 2005 |
| 05/31/2005 | 3.0 | SERVICE RETURNED (summons): National Union Fire Insurance Co of Pittsburgh PA, service made on May 23, 2005 ( accepted by Attorney John P. Connelly in hand) |
| 06/13/2005 | 4.0 | TRANSFERRED to Federal Court. (Deft's notice of removal enclosed) Rec 6/1/05 |

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: _____

$\angle - 0357$

TOWN OF IPSWICH,

  Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA

  Defendant.

**COMPLAINT AND
JURY TRIAL DEMAND**

## NATURE OF THE ACTION

1. Plaintiff Town of Ipswich ("Ipswich") brings this action against Defendant

National Union Fire Insurance Co. of Pittsburgh, PA ("NUFIC") to recover damages

resulting from breaches by NUFIC of a Performance Bond by which NUFIC agreed to

insure the performance of the general contractor that Ipswich had engaged to construct a

new Middle/High School for Ipswich.

## PARTIES

2. Plaintiff Town of Ipswich is a Massachusetts municipal corporation with a

main office located at Municipal Building, 25 Green Street, Ipswich, Essex County,

Massachusetts.

3. On information and belief, NUFIC is a Pennsylvania corporation with a

principal place of business in New York, NY. Further on information and belief, it is

authorized to issue surety bonds in Massachusetts.

A TRUE COPY ATTEST,

DEPUTY ASST. CLERK

## STATEMENT OF FACTS

4.     In or about May 1998, Ipswich, acting by and through its School Building Committee, entered into a contract (the "Construction Contract") with Westcott Construction Corporation ("Westcott") for the construction of a new Middle/High School for Ipswich (the "Project").

5.     In connection with the Project, NUFIC, as surety, issued a performance bond (the "Performance Bond") with Westcott as the principal on the Bond and Ipswich as the obligee. The Performance Bond insured the performance of Westcott under the Construction Contract. The Performance Bond further obligated NUFIC, in the event that Westcott abandoned the Construction Contract, to take such action as necessary to complete the Construction Contract. (A copy of the Performance Bond is attached hereto as Exhibit A.)

6.     On information and belief, on or about November 17, 2000, Westcott advised NUFIC that Westcott was financially unable to complete the Project, and Westcott authorized NUFIC to take whatever action NUFIC deemed necessary to complete the Project.

7.     As required by the Performance Bond, NUFIC took over the Construction Contract. In or about May, 2001, NUFIC engaged Charwill Construction, Inc. ("Charwill") to assume Westcott's duties. In effect, NUFIC, which was a bonding company now acting as general contractor, hired Charwill to perform the actual general contractor duties.

2

8.  Prior to abandoning the Construction Contract, Westcott committed several breaches of the Construction Contract for which NUFIC, as suretor under the Performance Bond, is liable.

9.  Specifically, and without limitation, Westcott failed to timely complete Phase IA and Phase IB of the Project.

10.  Under Phase IA, the Construction Contract obligated Westcott to complete certain Bleachers and a Stormwater Detention and Treatment System ("Stormwater System") by August 15, 1998.

11.  In fact, the Bleachers were not substantially completed until approximately 65 days after August 15, 1998 and the Stormwater System was not substantially completed until approximately 236 days after August 15, 1998.

12.  Pursuant to the Construction Contract, Westcott is obligated to pay liquidated delay damages of $500 per day for each day beyond August 15, 1998 that Phase IA was not substantially completed.

13.  As Westcott's suretor, NUFIC is obligated to pay such damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

14.  Under Phase IB of the Construction Contract, Westcott was obligated to complete an Entry Drive to the School by November 1, 1999.

15.  In fact, the Entry Drive was not substantially completed until approximately 44 days after November 1, 1999.

16.  Pursuant to the Construction Contract, Westcott is obligated to pay liquidated damages of $500 per day for each day beyond November 1, 1999 that Phase IB was not substantially completed.

3

17.    As Westcott's suretor, NUFIC is obligated to pay such damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

18.    After NUFIC took over the Construction Contract, it committed additional breaches of the Contract.

19.    Phase IIB of the Construction Contract obligated Westcott to complete certain sitework by August 31, 2000. Pursuant to a Change Order, this date was extended to June 15, 2001.

20.    Nevertheless, NUFIC, having taken over for Westcott as general contractor, failed to substantially complete the sitework by June 15, 2001. Indeed, in approximately July, 2002, Charwill ceased to perform its general contractor duties.

21.    For this and other breaches of the Construction Contract, on August 1, 2002, Ipswich terminated NUFIC as the general contractor. In its termination letter, Ipswich informed NUFIC that the termination was on account of NUFIC's (1) "[c]onsistent and constant failure to perform the Architect's directives. . "; (2) "[f]ailure to follow the instructions of the Ipswich Conservation Commission, a public authority, on numerous occasions forcing [Ipswich] to hire an outside Contractor to finish the work; (3) [c]onsistent failure to supply properly skilled workmen to perform its obligations under the contract'; and (4) [o]ther substantial violations of the Contract Documents."

22.    As a result of NUFIC's breaches leading to its termination, Ipswich had to complete the Project, itself, at its own expense. Ipswich was not able to substantially complete the Phase IIB Sitework until approximately 658 days after the extended completion date of June 15, 2001.

4

23.     The Construction Contract, as amended via the Change Order, calls for liquidated delay damages of $500 per day for each day beyond June 15, 2001 that Phase IIB was not substantially completed. Pursuant to the Performance Bond, NUFIC is obligated to pay those damages.

24.     Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

25.     Phase IIC of the Construction Contract obligated the General Contractor to perform certain sitework maintenance functions for nine-and-a-half months after completion of the Phase IIB sitework.

26.     The Construction Contract further obligated the General Contractor to complete the Phase IIC sitework maintenance functions by June 15, 2001.

27.     In fact, NUFIC, never performed any Phase IIC sitework maintenance functions. (NUFIC had been terminated by Ipswich prior to the completion of Phase IIB.) Accordingly, Ipswich had to perform the Phase IIC maintenance work, itself, at its own expense. The nine-and-a-half months of Phase IIC maintenance work concluded approximately 817 days after the June 15, 2001 completion date set out in the Construction Contract.

28.     The Construction Contract calls for liquidated damages of $500 per day for each day beyond June 15, 2001 that Phase IIC was not substantially completed.

29.     Pursuant to the Performance Bond, NUFIC is obligated to pay those damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

5

30.    In addition to the breaches of the Construction Contract that resulted from failures by NUFIC and its principal to timely complete certain work under the Construction Contract, NUFIC and/or its surety committed other breaches of the Construction Contract. These breaches included performing non-conforming construction and site work. This non-conforming work resulted in, among other things, unstable site conditions. Ipswich was injured by this non-conforming work as it had to pay more than $45,000 to correct the work and accrued more than $6,500 in fines levied by the Ipswich Conservation Commission. Ipswich has made demand on NUFIC to reimburse Ipswich for these expenses. NUFIC has thus far refused.

31.    As a result of NUFIC's breaches of the Construction Contract, Ipswich was further injured in that it had to complete the Project, itself, at its own expense. This additional expense exceeded the total amount that Ipswich would have had to pay the general contractor under the Construction Contract. Ipswich has made demand on NUFIC to reimburse it for such additional expenditures. NUFIC has thus far refused.

### COUNT ONE

(Breach of Contract)

32.    Ipswich incorporates by reference the allegations set forth in paragraphs 1 through 31 above, as though fully restated herein.

33.    The Performance Bond is a valid and enforceable contract.

34.    NUFIC has breached the Performance Bond. These breaches include, without limitation:

- Failing to pay Ipswich the liquidated delay damages arising from Westcott's failure to timely complete Phases IA and IB of the Construction Contract;

6

- Failing to pay Ipswich the liquidated delay damages arising from Westcott's and NUFIC's own failure to timely complete Phases IIB and IIC of the Construction Contract;

- Failing to perform the Architect's directives after taking over the Construction Contract from Westcott;

- Failing to follow the instructions of the Ipswich Conservation Commission after taking over the Construction Contract from Westcott;

- Failing to supply properly skilled workmen to perform its obligations under the Construction Contract after taking over the Contract from Westcott; and

- Failing to pay Ipswich the damages resulting from Westcott's and NUFIC's own breaches of the Construction Contract other than the breaches of failing to timely complete various Phases of the Construction Contract.

35.     As a result of NUFIC's breaches of the Performance Bond, Ipswich has

been injured.

36.     Ipswich is entitled to receive an award of damages for its injuries.

## COUNT TWO

(For Money Had and Received)

37.     Ipswich incorporates by reference the allegations set forth in paragraphs 1

through 36 above, as though fully restated herein.

38.     Ipswich has advanced certain moneys to Westcott and NUFIC under the

Construction Contract. Westcott and NUFIC have breached the contract. On account of

the breaches, Ipswich has been injured.

39.     Ipswich is entitled to the return of some of the moneys advanced to

Westcott and NUFIC under the Construction Contract.

40.     Pursuant to the Performance Bond, NUFIC is responsible for any money

that must be returned to Ipswich.

7

## PRAYERS FOR RELIEF

**WHEREFORE,** the plaintiff Town of Ipswich seeks the following relief:

a.    That the Court enter judgment in favor of Ipswich on each count of the Complaint;

b.    That the Court determine the amount of damages to which Ipswich is entitled on each count of the Complaint and award Ipswich these amounts plus pre- and post-judgment interest;

c.    That the Court award Ipswich its reasonable attorneys' fees and costs incurred in connection with this action; and

d.    That the Court award such other and further relief as it deems to be necessary and proper.

## JURY TRIAL DEMAND

The Town of Ipswich hereby demands a jury trial on all issues so triable.

TOWN OF IPSWICH

By its attorneys,

Peter E. Ball, BBO #546031
Kurt S. Kusiak, BBO #559254
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

Dated: March 2, 2005

8

IPSWICH MIDDLE/HIGH SCHOOL                           Bond No.: 17-44-84

## DOCUMENT 00610
### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS that we, the undersigned
WESTCOTT CONSTRUCTION CORPORATION
a corporation organized under the laws of ___Massachusetts___ and
having a usual place of business in _North Attleboro_ in the
County of___Bristol___ and the State of _Massachusetts_
as PRINCIPAL, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
a corporation organized under the laws of__ _Pennsylvania_
and having a usual place of business of 70 Pine Street, New York, NY
in the County of _New York_ , as SURETY, are
firmly held and bound unto the Town of Ipswich as OBLIGEE, in the
sum of TWENTY-FOUR MILLION EIGHT HUNDRED SEVENTY-SEVEN THOUSAND AND 00/100--
DOLLARS ($24,877,000.00  | ) lawful money of the United States of
America, for payment of which well and truly to be made, we hereby,
jointly and severally, bind ourselves and our respective heirs,
executors, administrators, successors and assigns, firmly by these
presents.

WHEREAS, the Principal has entered into a certain written contract
with the Obligee, dated___ _May 15_ , 19 98, for construction of
the __Ipswich Middle/High School__, Ipswich, MA__, which Contract in its
entirety, including the General Conditions, Supplementary Conditions,
Drawings, Specifications, and any Addenda is hereby referred to and
made a part hereof as fully and to the same extent as if copied at
length herein.

NOW THEREFORE, the condition of this obligation is such that if the
Principal shall well and truly keep and perform all the undertakings,
covenants, agreements, terms and conditions of said contract and any
extensions thereof that may be granted by the Obligee, with or
without notice to the Surety, and during the life of any guarantee
required under the contract, and shall also well and truly keep and
perform all the undertakings, covenants, agreements, terms and
conditions of any and all duly authorized modifications, alterations,
changes or additions to said contract that may hereafter be made,
notice to the Surety of such modifications, alterations changes or
additions being hereby waived, then this obligation shall become null
and void, otherwise it shall remain in full force and effect.

In the event that the contract is abandoned by the Principal, or in
the event that the Obligee, under the provisions of Article 14 of the
General Conditions of said Contract, as amended by the Supplementary
Conditions, terminates the Contract, said Surety hereby further
agrees that said Surety shall, if required in writing by the Obligee,
take such action as is necessary to complete said Contract.

IN WITNESS WHEREOF, the Principal and the Surety have hereunto set
their hands and seals, and such of them as are corporations have

PERFORMANCE BOND
00610-1

EXHIBIT A

IPSWICH MIDDLE/HIGH SCHOOL

caused their corporate seals to be hereto affixed and these presents
to be signed by their proper officers or agents. this

_____ /9⁴ᵗʰ_____ day of __May_____, 19 88.

ATTEST

WESTCOTT CONSTRUCTION CORPORATION
(Principal)

By: _____        John M. Ciardi, Jr., President
                                             (Title)
                                             SEAL

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA
(Surety)

By: _____        Michael J. Cusack
                                             (Attorney in Fact)
                                             SEAL

END OF DOCUMENT

PERFORMANCE BOND
00610-2

County of Essex
**The Superior Court**

CIVIL DOCKET# **ESCV2005-00357-A**

RE: **Town of Ipswich v National Union Fire Insurance Co of Pittsburgh PA**

TO: Kurt S Kusiak, Esquire
Sally & Fitch
225 Franklin Street
Boston, MA 02110-2804

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/01/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/31/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/31/2005 |
| All motions under MRCP 15 filed | 05/27/2006 |
| All discovery requests and depositions completed | 04/22/2007 |
| All motions under MRCP 56 served and heard | 06/21/2007 |
| Final pre-trial conference held and firm trial date set | 10/19/2007 |
| Case disposed | 03/02/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **A** sitting **in CtRm 2 -rear (Salem), Essex Superior Court.**

Dated: 03/03/2005

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court
at
(617)
788-81
30

| |
|---|
| **Disabled individuals who need handicap accommodations should contact the Administrative of the Superior Court at (617) 788-8130** |

A TRUE COPY, ATTEST,

DEPUTY ASST. CLERK

Check website for status of case: http://**ma-trialcourts.org/tcic**
cvdtrara_2.wpd 510339 inidec01 exarhose

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO.:_____

```
                                    )
TOWN OF IPSWICH,                    )
                                    )
        Plaintiff,                  )
                                    )      PLAINTIFF'S EX PARTE
v.                                  )      MOTION FOR
                                    )      APPOINTMENT OF
NATIONAL UNION FIRE INSURANCE CO. OF )     SPECIAL PROCESS
    PITTSBURGH, PA                  )      SERVER_____
                                    )
        Defendant.                  )
                                    )
                                    )
```

The above named Plaintiff hereby moves that Suvalle Jodrey & Associates, of One

Devonshire Place, Boston, Massachusetts, and its agents, servants and employees, all of whom

are over the age of 18 years and disinterested in this action, be specially appointed pursuant to

Mass. R. Civ. P. 4(c) for all purposes for service of process in this action.

                        TOWN OF IPSWICH

                        By its attorneys,


                        Peter E. Ball, BBO #546031
                        Kurt S. Kusiak, BBO #559254
                        SALLY & FITCH LLP
                        225 Franklin Street
                        Boston, MA 02110
                        (617) 542-5542


Dated: March 2, 2005


A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

# SALLY & FITCH LLP

$5 - 0357$

COUNSELORS AT LAW
225 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-2804

TEL: (617) 542-5542
FAX: (617) 542-1542



IN PROVIDENCE, R.I.

56 PINE STREET
PROVIDENCE, R.I. 02903
TEL: (401) 521-6500
FAX: (401) 274-2780

•

Peter E. Ball
peb@sally-fitch.com
Direct Dial: (617) 747-7823

March 2, 2005

## VIA OVERNIGHT MAIL

Civil Clerk's Office
Essex Superior Court
Trial Division
34 Federal Street
Salem, MA 01970

    Re:    Town of Ipswich v. National Union Fire Ins. Co. of Pittsburgh, PA

Dear Sir or Madam:

This firm represents Plaintiff Town of Ipswich in the action that is being filed herewith.

Enclosed please find the following:

1.    The Civil Action Cover Sheet;

2.    The Town of Ipswich's Complaint and Jury Demand;

3.    The Plaintiff's Ex Parte Motion for Appointment of Special Process Server; and

4.    A check in the amount $285.00 for the filing fee.

Kindly file and docket in accordance with your usual practice.

**Also, please return to me in the enclosed, self-addressed stamped envelope (1) a copy of the Complaint (enclosed) with a date-stamp and the civil action number that has been assigned; and (2) if the Court allows the enclosed Ex Parte Motion for Appointment of Special Process Server, a copy of the Court's Order allowing the Motion.**

Civil Clerk's Office
March 1, 2005
Page 2

Thank you for your attention to and assistance with this matter.

Very truly yours,

*Po Ball*

Peter Ball

PEB\dmc
Enclosures

cc:    Kurt Kusiak, Esq.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

$5 - 0357$

|  |  |
|---|---|
| TOWN OF IPSWICH, | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| NATIONAL UNION FIRE INSURANCE CO. OF | ) |
| PITTSBURGH, PA | ) |
|  | ) |
|     Defendant. | ) |
|  | ) |
|  | ) |

**PLAINTIFF'S EX PARTE
MOTION FOR
APPOINTMENT OF
SPECIAL PROCESS
SERVER**

*Allowed*

*3|31|05 how 1*

*Attest: [illegible]*
*Deputy Asst Clerk*

    The above named Plaintiff hereby moves that Suvalle Jodrey & Associates, of One

Devonshire Place, Boston, Massachusetts, and its agents, servants and employees, all of whom

are over the age of 18 years and disinterested in this action, be specially appointed pursuant to

Mass. R. Civ. P. 4(c) for all purposes for service of process in this action.

TOWN OF IPSWICH

By its attorneys,

Peter E. Ball, BBO #546031
Kurt S. Kusiak, BBO #559254
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

Dated: March 2, 2005

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department |
|---|---|---|
| | | County: Essex |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Town of Ipswich | National Union Fire Ins. Co. of Pittsburgh, PA |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Peter E. Ball, Esq.  BBO#546031 Kurt S. Kusiak, Esq. BBO#559254 Sally & Fitch LLP, 225 Franklin Street, Boston, MA — 617-542-5542 | John P. Connelly, Esq. Peabody & Arnold LLP 30 Rowes Wharf, Boston, MA  02110 |

Board of Bar Overseers number:

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A12 | Contract Construction/ Dispute | ( A ) | ( x ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
                                                                                  Subtotal $ . . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
F.  Other documented items of damages (describe)
                                                                                   $ . . . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                   $ . . . . . . . . . .
                                                                         TOTAL $ . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

Provide a detailed description of claim(s):
Defendant breached terms of a performance bond that it provided in connection with the construction by plaintiff of a new Middle/High School.

In excess of
TOTAL $ 1,000,000 . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT There are no related actions, but there is a case involving both parties that is currently pending in Suffolk Superior Court, N.B. Kenney Co., Inc. v. Nat'l. Union Fire Ins.*

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _P. Ball_                              DATE: March 2, 200

*Co. of Pittsburgh, PA v. Town of Ipswich, C.A. No. 01-01615 (Suffolk)

Commonwealth of Massachusetts
County of Essex
The Superior Court

CIVIL DOCKET# **ESCV2005-00357-A**

RE: **Town of Ipswich v National Union Fire Insurance Co of Pittsburgh PA**

TO:Peter E Ball, Esquire
Hill & Barlow
1 International Place
100 Oliver Street
Boston, MA 02110-2607

## **TRACKING ORDER - A TRACK**

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| **STAGES OF LITIGATION** | **DEADLINE** |
|---|---|
| Service of process made and return filed with the Court | 06/01/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/31/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/31/2005 |
| All motions under MRCP 15 filed | 05/27/2006 |
| All discovery requests and depositions completed | 04/22/2007 |
| All motions under MRCP 56 served and heard | 06/21/2007 |
| Final pre-trial conference held and firm trial date set | 10/19/2007 |
| Case disposed | 03/02/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **A** sitting **in CtRm 2 -rear (Salem), Essex Superior Court.**

Dated: 03/03/2005

Thornas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05-0357

TOWN OF IPSWICH,
            Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
            Defendant.

## NOTICE OF FILING REMOVAL TO FEDERAL COURT

TO:    Thomas H. Driscoll, Jr.
        Clerk of the Court
        Essex Superior Court
        34 Federal Street
        Salem, MA 01970

PLEASE TAKE NOTICE that the defendant in the above-captioned action, National

Union Fire Insurance Company of Pittsburgh, Pa., has filed in the United States District Court

for the District of Massachusetts a Notice of Removal in the above-captioned action, a copy of

which is attached hereto as Exhibit A.

Dated: May 31, 2005

DEFENDANT NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.
By its attorneys,

John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Notice Of Filing Removal To Federal Court has been

served by first class mail, postage pre-paid, upon the following counsel of record on this $\lambda^{1}$

day of May, 2005:

      Peter E. Ball, Esquire
      Kurt S. Kusiak, Esquire
      Sally & Fitch LLP
      225 Franklin Street
      Boston, MA 02110

                                      John P. Connelly

614321 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 11114 MLW

TOWN OF IPSWICH,
                    Plaintiff,

v.

NUFIC FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.,
                    Defendant.

CIVIL ACTION
NO.



I hereby certify on 5/27/05 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☐ original filed in my office on 5/27/05
        Sarah A. Thornton
        Clerk, U.S. District Court
        District of Massachusetts
BY:
Deputy Clerk

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant National Union Fire Insurance

Company of Pittsburgh, Pa. ("NUFIC") hereby removes the above-captioned action to this Court

from the Essex Superior Court, Commonwealth of Massachusetts. In support of this Defendant's

Notice Of Removal, NUFIC states as follows:

A.    Factual and Procedural Background

    1.    NUFIC is a defendant in a civil action filed in, and presently pending before, the

Essex Superior Court, Commonwealth of Massachusetts, styled as Town of Ipswich v. National

Union Fire Insurance Company of Pittsburgh, Pa., Civil Action No. 05-0357 (the "State Court

Action").

    2.    In the Complaint which it filed in the State Court Action, the plaintiff Town of

Ipswich ("Ipswich") alleges that NUFIC breached the performance bond which NUFIC issued on

behalf of Westcott Construction Corporation ("Westcott") regarding the contract which Westcott

had with Ipswich to construct the Ipswich High School/Middle School and that, as a result,

NUFIC is liable to Ipswich for breach of contract (Count I), and for money had and received (Count II).

3.    Ipswich filed the State Court Action on March 3, 2005. Ipswich did not proceed immediately to serve NUFIC with process. Rather, Ipswich waited until May, 2005 to ask NUFIC's counsel, John P. Connelly, if he would accept service for NUFIC, which Mr. Connelly did. A true and accurate copy of the Summons to NUFIC contains Mr. Connelly's signature acknowledging his acceptance of same as service on NUFIC on May 23, 2005 is attached hereto as Exhibit A.

4.    This Defendant's Notice Of Removal is being filed with this Court within thirty (30) days after NUFIC was served with a copy of the Summons and Complaint setting forth Ipswich's claims. Therefore, this Defendant's Notice Of Removal is timely. See 28 U.S.C. § 1446(b).

5.    As required by 28 U.S.C. § 1441(b), no citizen of the Commonwealth of Massachusetts has been joined and served as a defendant.

B.    Diversity Jurisdiction of this Court

6.    Ipswich is a Massachusetts municipal corporation with a main office located at Municipal Building, 25 Green Street, Ipswich, Massachusetts. (Complaint, ¶ 2).

7.    NUFIC is a Pennsylvania corporation with its principal place of business in New York, New York. It is therefore a citizen of the state of Pennsylvania. (Complaint, ¶ 3).

8.    Each plaintiff is therefore a citizen of a different state than each defendant.

9.    The amount in controversy exceeds $75,000. Massachusetts law prohibits a plaintiff from specifying in its complaint the amount of monetary damages it is seeking, unless such damages are "liquidated or ascertainable by calculation." M.G.L. c.231, § 13B (2005). Accordingly, the Complaint does not specifically state the amount of damages Ipswich is seeking

2

in this lawsuit. However, in a detailed claim letter which Ipswich sent to NUFIC in August, 2004, Ipswich alleged that its damages totaled over $1.3 million. Therefore, the damages sought by Ipswich put the amount in controversy in this lawsuit in excess of the jurisdictional minimum.

10.    This Court, therefore, has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, in that the State Court Action presents a case where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

C.    Removal

11.    Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, removal of the State Court Action is appropriate. Under 28 U.S.C. §§ 1332 and 1441, NUFIC's right of removal applies to the entire lawsuit.

12.    Venue of this removed action is proper in this Court under 28 U.S.C. § 1441(a) as the district and division embracing the place where the State Court Action is pending.

13.    Copies of all process, pleadings and orders received by NUFIC in the State Court Action to date are being filed as Exhibit A to this Defendant's Notice Of Removal.

14.    Written notice of the filing of this Defendant's Notice Of Removal is being served on Ipswich's counsel on this date.

15.    NUFIC will promptly file a copy of this Defendant's Notice Of Removal with the Clerk of the Essex Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).

16.    NUFIC reserves all defenses to Ipswich's claims and damages allegations. Moreover, NUFIC expressly preserves, and does not waive, any of the defenses available under Fed. R. Civ. P. 12(b), including, without limitation, lack of personal jurisdiction, improper/inconvenient venue and insufficiency of service of process.

3

WHEREFORE, NUFIC hereby removes this civil action to the United States District Court for the District of Massachusetts.

Dated: May 27, 2005

DEFENDANT NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.
By its attorneys,

_____
John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that a copy of the foregoing Defendant's Notice Of Removal has been served by first class mail, postage pre-paid, upon the following counsel of record for the plaintiff on this 27th day of May, 2005:

Peter E. Ball, Esquire
Kurt S. Kusiak, Esquire
Sally & Fitch LLP
225 Franklin Street
Boston, MA 02110

_____
John P. Connelly

614322_1
9505-90426

4

# EXHIBIT A

# TO

# NOTICE OF REMOVAL

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: _____

$\varsigma - 0357$

TOWN OF IPSWICH,

 Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA

 Defendant.

**COMPLAINT AND
JURY TRIAL DEMAND**

## NATURE OF THE ACTION

1. Plaintiff Town of Ipswich ("lpswich") brings this action against Defendant

National Union Fire Insurance Co. of Pittsburgh, PA ("NUFIC") to recover damages

resulting from breaches by NUFIC of a Performance Bond by which NUFIC agreed to

insure the performance of the general contractor that Ipswich had engaged to construct a

new Middle/High School for Ipswich.

## PARTIES

2. Plaintiff Town of Ipswich is a Massachusetts municipal corporation with a

main office located at Municipal Building, 25 Green Street, Ipswich, Essex County,

Massachusetts.

3. On information and belief, NUFIC is a Pennsylvania corporation with a

principal place of business in New York, NY. Further on information and belief, it is

authorized to issue surety bonds in Massachusetts.

## STATEMENT OF FACTS

4.    In or about May 1998, Ipswich, acting by and through its School Building Committee, entered into a contract (the "Construction Contract") with Westcott Construction Corporation ("Westcott") for the construction of a new Middle/High School for Ipswich (the "Project").

5.    In connection with the Project, NUFIC, as surety, issued a performance bond (the "Performance Bond") with Westcott as the principal on the Bond and Ipswich as the obligee. The Performance Bond insured the performance of Westcott under the Construction Contract. The Performance Bond further obligated NUFIC, in the event that Westcott abandoned the Construction Contract, to take such action as necessary to complete the Construction Contract. (A copy of the Performance Bond is attached hereto as Exhibit A.)

6.    On information and belief, on or about November 17, 2000, Westcott advised NUFIC that Westcott was financially unable to complete the Project, and Westcott authorized NUFIC to take whatever action NUFIC deemed necessary to complete the Project.

7.    As required by the Performance Bond, NUFIC took over the Construction Contract. In or about May, 2001, NUFIC engaged Charwill Construction, Inc. ("Charwill") to assume Westcott's duties. In effect, NUFIC, which was a bonding company now acting as general contractor, hired Charwill to perform the actual general contractor duties.

8.    Prior to abandoning the Construction Contract, Westcott committed several breaches of the Construction Contract for which NUFIC, as suretor under the Performance Bond, is liable.

9.    Specifically, and without limitation, Westcott failed to timely complete Phase IA and Phase IB of the Project.

10.    Under Phase IA, the Construction Contract obligated Westcott to complete certain Bleachers and a Stormwater Detention and Treatment System ("Stormwater System") by August 15, 1998.

11.    In fact, the Bleachers were not substantially completed until approximately 65 days after August 15, 1998 and the Stormwater System was not substantially completed until approximately 236 days after August 15, 1998.

12.    Pursuant to the Construction Contract, Westcott is obligated to pay liquidated delay damages of $500 per day for each day beyond August 15, 1998 that Phase IA was not substantially completed.

13.    As Westcott's suretor, NUFIC is obligated to pay such damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

14.    Under Phase IB of the Construction Contract, Westcott was obligated to complete an Entry Drive to the School by November 1, 1999.

15.    In fact, the Entry Drive was not substantially completed until approximately 44 days after November 1, 1999.

16.    Pursuant to the Construction Contract, Westcott is obligated to pay liquidated damages of $500 per day for each day beyond November 1, 1999 that Phase IB was not substantially completed.

3

17.     As Westcott's suretor, NUFIC is obligated to pay such damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

18.     After NUFIC took over the Construction Contract, it committed additional breaches of the Contract.

19.     Phase IIB of the Construction Contract obligated Westcott to complete certain sitework by August 31, 2000. Pursuant to a Change Order, this date was extended to June 15, 2001.

20.     Nevertheless, NUFIC, having taken over for Westcott as general contractor, failed to substantially complete the sitework by June 15, 2001. Indeed, in approximately July, 2002, Charwill ceased to perform its general contractor duties.

21.     For this and other breaches of the Construction Contract, on August 1, 2002, Ipswich terminated NUFIC as the general contractor. In its termination letter, Ipswich informed NUFIC that the termination was on account of NUFIC's

(1) "[c]onsistent and constant failure to perform the Architect's directives. . ."; 

(2) "[f]ailure to follow the instructions of the Ipswich Conservation Commission, a public authority, on numerous occasions forcing [Ipswich] to hire an outside Contractor to finish the work; (3) [c]onsistent failure to supply properly skilled workmen to perform its obligations under the contract'; and (4) [o]ther substantial violations of the Contract Documents."

22.     As a result of NUFIC's breaches leading to its termination, Ipswich had to complete the Project, itself, at its own expense. Ipswich was not able to substantially complete the Phase IIB Sitework until approximately 658 days after the extended completion date of June 15, 2001.

23. The Construction Contract, as amended via the Change Order, calls for liquidated delay damages of $500 per day for each day beyond June 15, 2001 that Phase IIB was not substantially completed. Pursuant to the Performance Bond, NUFIC is obligated to pay those damages.

24. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

25. Phase IIC of the Construction Contract obligated the General Contractor to perform certain sitework maintenance functions for nine-and-a-half months after completion of the Phase IIB sitework.

26. The Construction Contract further obligated the General Contractor to complete the Phase IIC sitework maintenance functions by June 15, 2001.

27. In fact, NUFIC, never performed any Phase IIC sitework maintenance functions. (NUFIC had been terminated by Ipswich prior to the completion of Phase IIB.) Accordingly, Ipswich had to perform the Phase IIC maintenance work, itself, at its own expense. The nine-and-a-half months of Phase IIC maintenance work concluded approximately 817 days after the June 15, 2001 completion date set out in the Construction Contract.

28. The Construction Contract calls for liquidated damages of $500 per day for each day beyond June 15, 2001 that Phase IIC was not substantially completed.

29. Pursuant to the Performance Bond, NUFIC is obligated to pay those damages. Ipswich has made demand on NUFIC to pay such damages. NUFIC has thus far refused.

30.     In addition to the breaches of the Construction Contract that resulted from

failures by NUFIC and its principal to timely complete certain work under the

Construction Contract, NUFIC and/or its surety committed other breaches of the

Construction Contract. These breaches included performing non-conforming

construction and site work. This non-conforming work resulted in, among other things,

unstable site conditions. Ipswich was injured by this non-conforming work as it had to

pay more than $45,000 to correct the work and accrued more than $6,500 in fines levied

by the Ipswich Conservation Commission. Ipswich has made demand on NUFIC to

reimburse Ipswich for these expenses. NUFIC has thus far refused.

31.     As a result of NUFIC's breaches of the Construction Contract, Ipswich

was further injured in that it had to complete the Project, itself, at its own expense. This

additional expense exceeded the total amount that Ipswich would have had to pay the

general contractor under the Construction Contract. Ipswich has made demand on

NUFIC to reimburse it for such additional expenditures. NUFIC has thus far refused.

## COUNT ONE

### (Breach of Contract)

32.     Ipswich incorporates by reference the allegations set forth in paragraphs 1

through 31 above, as though fully restated herein.

33.     The Performance Bond is a valid and enforceable contract.

34.     NUFIC has breached the Performance Bond. These breaches include,

without limitation:

*   Failing to pay Ipswich the liquidated delay damages arising from
    Westcott's failure to timely complete Phases IA and IB of the
    Construction Contract;

6

- Failing to pay Ipswich the liquidated delay damages arising from Westcott's and NUFIC's own failure to timely complete Phases IIB and IIC of the Construction Contract;

- Failing to perform the Architect's directives after taking over the Construction Contract from Westcott;

- Failing to follow the instructions of the Ipswich Conservation Commission after taking over the Construction Contract from Westcott;

- Failing to supply properly skilled workmen to perform its obligations under the Construction Contract after taking over the Contract from Westcott; and

- Failing to pay Ipswich the damages resulting from Westcott's and NUFIC's own breaches of the Construction Contract other than the breaches of failing to timely complete various Phases of the Construction Contract.

35. As a result of NUFIC's breaches of the Performance Bond, Ipswich has

been injured.

36. Ipswich is entitled to receive an award of damages for its injuries.

## COUNT TWO

(For Money Had and Received)

37. Ipswich incorporates by reference the allegations set forth in paragraphs 1

through 36 above, as though fully restated herein.

38. Ipswich has advanced certain moneys to Westcott and NUFIC under the

Construction Contract. Westcott and NUFIC have breached the contract. On account of

the breaches, Ipswich has been injured.

39. Ipswich is entitled to the return of some of the moneys advanced to

Westcott and NUFIC under the Construction Contract.

40. Pursuant to the Performance Bond, NUFIC is responsible for any money

that must be returned to Ipswich.

7

## PRAYERS FOR RELIEF

**WHEREFORE,** the plaintiff Town of Ipswich seeks the following relief:

a.  That the Court enter judgment in favor of Ipswich on each count of the Complaint;

b.  That the Court determine the amount of damages to which Ipswich is entitled on each count of the Complaint and award Ipswich these amounts plus pre- and post-judgment interest;

c.  That the Court award Ipswich its reasonable attorneys' fees and costs incurred in connection with this action; and

d.  That the Court award such other and further relief as it deems to be necessary and proper.

## JURY TRIAL DEMAND

The Town of Ipswich hereby demands a jury trial on all issues so triable.

TOWN OF IPSWICH

By its attorneys,

Peter E. Ball, BBO #546031
Kurt S. Kusiak, BBO #559254
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

Dated: March 2, 2005

6381C000003/03/ 5CIVIL FEE    240.00

6381C000003/03/ 3SURCHARGE    15.00

6381C000033/03/ 5SECO    20.00

6381C000003/03/ 3SUMMONS    10.00

IPSWICH MIDDLE/HIGH SCHOOL                          Bond No.: 17-44-84

DOCUMENT 00610
PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS that we, the undersigned
WESTCOTT CONSTRUCTION CORPORATION
a corporation organized under the laws of ___Massachusetts___ and
having a usual place of business in _North Attleboro_ in the
County of___ Bristol ___ and the State of Massachusetts___
as PRINCIPAL, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
a corporation organized under the laws of___ Pennsylvania ___
and having a usual place of business of 70 Pine Street, New York, NY
in the County of New York___ , as SURETY, are
firmly held and bound unto the Town of Ipswich as OBLIGEE, in the
sum of TWENTY-FOUR MILLION EIGHT HUNDRED SEVENTY-SEVEN THOUSAND AND 00/100--
DOLLARS ($24,877,000.00 | ) lawful money of the United States of
America, for payment of which well and truly to be made, we hereby,
jointly and severally, bind ourselves and our respective heirs,
executors, administrators, successors and assigns, firmly by these
presents.

WHEREAS, the Principal has entered into a certain written contract
with the Obligee, dated___ May 15 ___, 19 9?, for construction of
the _Ipswich Middle/High, School_, Ipswich, MA ___, which Contract in its
entirety, including the General Conditions, Supplementary Conditions,
Drawings, Specifications, and any Addenda is hereby referred to and
made a part hereof as fully and to the same extent as if copied at
length herein.

NOW THEREFORE, the condition of this obligation is such that if the
Principal shall well and truly keep and perform all the undertakings,
covenants, agreements, terms and conditions of said contract and any
extensions thereof that may be granted by the Obligee, with or
without notice to the Surety, and during the life of any guarantee
required under the contract, and shall also well and truly keep and
perform all the undertakings, covenants, agreements, terms and
conditions of any and all duly authorized modifications, alterations,
changes or additions to said contract that may hereafter be made,
notice to the Surety of such modifications, alterations, changes or
additions being hereby waived, then this obligation shall become null
and void, otherwise it shall remain in full force and effect.

In the event that the contract is abandoned by the Principal, or in
the event that the Obligee, under the provisions of Article 14 of the
General Conditions of said Contract, as amended by the Supplementary
Conditions, terminates the Contract, said Surety hereby further
agrees that said Surety shall, if required in writing by the Obligee,
take such action as is necessary to complete said Contract.

IN WITNESS WHEREOF, the Principal and the Surety have hereunto set
their hands and seals, and such of them as are corporations have

PERFORMANCE BOND
00610-1

EXHIBIT A

IPSWICH MIDDLE/HIGH SCHOOL

caused their corporate seals to be hereto affixed and these presents to be signed by their proper officers or agents. this

_____ /5 4 __ day of _ May _____ , 19 98.

ATTEST

WESTCOTT CONSTRUCTION CORPORATION
(Principal)

By _____

John M. Ciardi, Jr., President
(Title)
SEAL

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA
(Surety)

By: _____

Michael J. Cusack
(Attorney in Fact)
SEAL

END OF DOCUMENT

PERFORMANCE BOND
00610-2

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Town of Ipswich | National Union Fire Ins. Co. of Pittsburgh, PA |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Peter E. Ball, Esq. BBO#546031<br>Kurt S. Kusiak, Esq. BBO#559254<br>Sally & Fitch LLP, 225 Franklin Street,<br>Board of Bar Overseers number: Boston, MA - 617-542-5542 | ATTORNEY (if known)<br>John P. Connelly, Esq.<br>Peabody & Arnold LLP<br>30 Rowes Wharf, Boston, MA  02110 |

### Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A12 | Contract Construction/ Dispute | ( A ) | ( x ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $............
  2. Total Doctor expenses ................................................. $............
  3. Total chiropractic expenses ........................................... $............
  4. Total physical therapy expenses ....................................... $............
  5. Total other expenses (describe) ....................................... $............
      Subtotal $............
B. Documented lost wages and compensation to date ............................. $............
C. Documented property damages to date ....................................... $............
D. Reasonably anticipated future medical and hospital expenses ............... $............
E. Reasonably anticipated lost wages ......................................... $............
F. Other documented items of damages (describe)
      $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

      $............
      TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant breached terms of a performance bond that it provided in connection with the construction by plaintiff of a new Middle/High School.

In excess of
**TOTAL $.1,000,000....**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT There are no related actions, but there is a case involving both parties that is currently pending in Suffolk Superior Court, N.B. Kenney Co., Inc. v. Nat'l. Union Fire Ins.

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____  DATE: March 2, 200

*Co. of Pittsburgh, PA v. Town of Ipswich, C.A. No.01-0161? (Suffolk)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              SUPERIOR COURT DEPARTMENT
                                                        CIVIL ACTION NO.:_____

                                                                    $-0357

TOWN OF IPSWICH,                          )
                                          )
        Plaintiff,                        )
                                          )         **PLAINTIFF'S EX PARTE**
v.                                        )         **MOTION FOR**
                                          )         **APPOINTMENT OF**
NATIONAL UNION FIRE INSURANCE CO. OF      )         **SPECIAL PROCESS**
PITTSBURGH, PA                            )         **SERVER**_____
                                          )
        Defendant.                        )
                                          )
_____)

The above named Plaintiff hereby moves that Suvalle Jodrey & Associates, of One

Devonshire Place, Boston, Massachusetts, and its agents, servants and employees, all of whom

are over the age of 18 years and disinterested in this action, be specially appointed pursuant to

Mass. R. Civ. P. 4(c) for all purposes for service of process in this action.

TOWN OF IPSWICH

By its attorneys,

Peter E. Ball, BBO #546031
Kurt S. Kusiak, BBO #559254
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

Dated: March 2, 2005

CIVIL DOCKET# ESCV2005-00357-A

RE:    **Town of Ipswich v National Union Fire Insurance Co of Pittsburgh PA**

TO:Peter E Ball, Esquire
Hill & Barlow
1 International Place
100 Oliver Street
Boston, MA 02110-2607

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                          DEADLINE

| | |
|---|---|
| Service of process made and return filed with the Court | 06/01/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/31/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/31/2005 |
| All motions under MRCP 15 filed | 05/27/2006 |
| All discovery requests and depositions completed | 04/22/2007 |
| All motions under MRCP 56 served and heard | 06/21/2007 |
| Final pre-trial conference held and firm trial date set | 10/19/2007 |
| Case disposed | 03/02/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **A** sitting **in CtRm 2 -rear (Salem), Essex Superior Court.**

Dated: 03/03/2005                                Thomas H. Driscoll Jr.
                                                 Clerk of the Courts

                                                 BY: Judith Brennan
Location: CtRm 2 -rear (Salem)                   Assistant Clerk
Telephone: (978) 744-5500 ext. 414

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130**

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Town of Ipswich ............................................................ , Plaintiff(s)

v.

National Union Fire Ins. Co. of Pittsburgh, PA ............... , Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon __Peter Ball, Esq., and/or Kurt Kusiak, Esq.__, plaintiff's attorney, whose address is Sally & Fitch LLP, 225 Franklin St., Boston, MA 02110 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of    March    , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

*(left margin, rotated text:)* NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.