UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN OF IPSWICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE INSURANCE COMPANY )<br>OF PITTSBURGH, PA )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 05-11114-MLW |

## ANSWER TO COUNTERCLAIM

Plaintiff, Defendant-in-Counterclaim, Town of Ipswich ("Ipswich"), by its undersigned counsel hereby answers the Counterclaim of Defendants, Plaintiff-in-Counterclaim, National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") as follows:

### PARTIES

1. Ipswich admits, on information and belief, the allegations in paragraph 1 of the Counterclaim.

2. Ipswich admits the allegations contained in paragraph 2 of the Counterclaim.

### FACTS

3. Ipswich admits the allegations contained in paragraph 3 of the Counterclaim.

4. Ipswich admits the allegations contained in paragraph 4 of the Counterclaim.

5. Ipswich admits that, on information and belief, Westcott advised NUFIC that Westcott was financially unable to complete the Project. Ipswich is without sufficient

knowledge or information to admit or deny the remaining allegations in paragraph 5 of the Counterclaim and, therefore, denies them.

6. Ipswich denies the allegations in paragraph 6 of the Counterclaim.

7. Ipswich denies the allegations in paragraph 7 of the Counterclaim.

## COUNT I
(Breach of Contract)

8. Ipswich incorporates and restates herein by reference its answers to the numbered paragraphs above.

9. Ipswich denies the allegations in paragraph 9 of the Counterclaim.

10. Ipswich denies the allegations in paragraph 10 of the Counterclaim.

## COUNT II
(Set Off)

11. Ipswich incorporates and restates herein by reference its answers to the numbered paragraphs above.

12. Ipswich admits the allegations in paragraph 12 of the Counterclaim.

13. Ipswich denies the allegations in paragraph 13 of the Counterclaim.

## COUNT III
(Breach of Implied Covenant of Good Faith and Fair Dealing)

14. Ipswich incorporates and restates herein by reference its answers to the numbered paragraphs above.

15. NUFIC attempts to characterize documents that speak for themselves and makes allegations of law that require no response on paragraph 15 of the Counterclaim. To the extent that any response is required, Ipswich denies the allegations in paragraph 15 of the Counterclaim.

16. Ipswich denies the allegations in paragraph 16 of the Counterclaim.

17. Ipswich denies the allegations in paragraph 17 of the Counterclaim.

18. Ipswich denies the allegations in paragraph 18 of the Counterclaim.

### AFFIRMATIVE DEFENSES TO COUNTERCLAIM

#### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

NUFIC's claims are barred and/or reduced by their prior breach of the agreements entered into between the parties.

#### Third Affirmative Defense

Any loss or legal fees incurred by NUFIC are purely a result of NUFIC's own actions or actions by third parties.

#### Fourth Affirmative Defense

NUFIC has not suffered damages as the proximate cause of any action, inaction, representation and/or omission of Ipswich.

#### Fifth Affirmative Defense

NUFIC's claims are barred and/or reduced by its failure to mitigate damages.

#### Sixth Affirmative Defense

NUFIC's claim is barred by the doctrine of estoppel.

#### Seventh Affirmative Defense

NUFIC's claims are barred, or any damages suffered must be reduced on account of, NUFIC's contributory and/or comparative negligence.

### Eighth Affirmative Defense

NUFIC's claims are barred by the doctrines of unclean hands, waiver, release, and laches.

### Ninth Affirmative Defense

NUFIC's claims are barred by the applicable statutes of limitations.

### Tenth Affirmative Defense

NUFIC has failed to comply with the terms and conditions of the Performance Bond.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Town of Ipswich respectfully requests that this Court:

1. dismiss Defendant/Plaintiff-in-Counterclaim's Counterclaim with prejudice;

2. award Plaintiff its costs and reasonable attorneys' fees; and

3. grant such other and further relief as this Court deems just and proper.

TOWN OF IPSWICH

By its attorneys,

Peter E. Ball, BBO #546031
Kurt S. Kusiak, BBO #559254
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by ~~mail~~ (hand) on June 20, 2005.

Kurt S. Kusiak